UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE RUIZ,

    Petitioner,

v.                                                 Case No. 8:20-cv-72-T-02AAS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

Mr. Ruiz, a Florida inmate, filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 16). Respondent moves to dismiss the amended petition as time-barred (Doc. 19). Mr. Ruiz opposes the motion (Doc. 20). Upon consideration, the motion to dismiss will be granted.

**Procedural Background**

On August 12, 2010, Mr. Ruiz was convicted of three counts of sexual battery, one count of lewd and lascivious molestation, one count of promoting sexual performance of a child, and ten counts of possession of child pornography (Doc. 19-4, Ex. 10). He was sentenced to life in prison (*Id.*, Ex. 14). His convictions and sentences were affirmed on appeal on October 7, 2011 (*Id.*, Ex. 20).

On December 12, 2011, Mr. Ruiz filed a Motion for Post-Conviction Relief under Rule. 3.850, Florida Rules of Criminal Procedure (*Id.*, Ex. 21). The motion was denied on April 10, 2012 (*Id.*, Ex. 24). The order denying the motion, however, was reversed on appeal, and the case

1

was remanded back to the circuit court for further proceedings (*Id.*, Ex. 28). Following an evidentiary hearing, the motion again was denied on February 26, 2014 (*Id.*, Ex. 32). Mr. Ruiz filed a notice of appeal on March 25, 2016 (*Id.*, Ex. 33). The appeal, however, was dismissed as untimely on June 14, 2016 (*Id.*, Ex. 37).

On June 24, 2016, Mr. Ruiz filed a Petition for a Belated Appeal of the February 24, 2014 Order denying his Rule 3.850 motion (*Id.*, Ex. 39). The Petition was granted on September 22, 2016 (*Id.*, Ex. 46). The denial of the Rule 3.850 motion, however, was affirmed on appeal (*Id.*, Ex. 50), and the appellate court mandate issued on September 21, 2018 (*Id.*, Ex. 51).

Mr. Ruiz's initial federal habeas petition was filed in this Court on May 6, 2019 (Doc. 1). His amended petition was filed on February 14, 2020 (Doc. 16).

**Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations in which a state prisoner may file a federal habeas petition. 28 U.S.C. § 2244(d)(1); *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Respondent moves to dismiss the amended petition as time-barred under § 2244(d), arguing that more than one year passed after Mr. Ruiz's judgment became final.

Because Mr. Ruiz's convictions were affirmed on appeal on October 7, 2011, his

2

judgment became final 90 days later, on January 5, 2012, when the time for filing a petition for writ of certiorari in the Supreme Court of the United States expired. *See* Sup.Ct. R. 13(3) ("[t]he time to file a petition for. . .writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate. . . ."); *Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1274–75 (11th Cir.2006) (stating the 90–day period begins to run from the date of entry of judgment and not the issuance of the mandate). Mr. Ruiz therefore had one year from January 5, 2012, in which to file a timely federal habeas petition under § 2254. His initial federal habeas petition was filed on May 5, 2019, more than seven years after his convictions became final. Accordingly, unless the limitations period was tolled for a sufficient period of time by properly filed state court post-conviction applications, his amended petition is untimely.

Mr. Ruiz's Rule 3.850 state post-conviction motion, filed on December 12, 2011, tolled the AEDPA's limitations period through March 28, 2014, when the time to appeal the February 26, 2014 order denying the motion elapsed. *See Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1381–82 (11th Cir. 2006) ("[T]he time during which Cramer could have sought an appeal of the denial of his Fla.R.Crim. P. 3.800 motion tolled the [AEDPA's] limitations period. We conclude that the time tolled even if Cramer did not seek appellate review, as the claim remained pending under 28 U.S.C. § 2244(d) until the time to file an appeal expired."). The limitations period therefore elapsed one year later on March 28, 2015. And Mr. Ruiz's petition for a belated appeal, filed on June 24, 2016, neither tolled nor revived the AEDPA's limitations period because the limitations period already had expired. *See Moore v. Crosby*, 321 F.3d 1377 (11th Cir.2003) (petition for belated appeal, which was filed after the AEDPA's one-year limitations period

3

already had expired and was later granted by the state appellate court, did not retroactively toll the AEDPA's one-year limitations period). *See also Hollinger v. Sec'y Dep't of Corr.*, 334 F. App'x 302, 304 (11th Cir. 2009) ("Because Hollinger's AEDPA clock already had expired on February 13, 2006, his belated Rule 3.850 appeal did not statutorily toll the AEDPA limitations period.") (citing *Moore*, 321 F.3d at 1381). Accordingly, absent a demonstration of entitlement to equitable tolling, Mr. Ruiz's federal habeas petition is time-barred.

**Equitable tolling**

The one-year limitation designated in § 2244(d) is not jurisdictional and "is subject to equitable tolling in appropriate cases." *Holland v. Fla.*, 560 U.S. 631, 645 (2010). Equitable tolling is appropriate when a prisoner's petition is untimely "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002)); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). To establish eligibility for equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Fla.*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The failure to establish either requirement precludes equitable tolling.

Equitable tolling "is an extraordinary remedy that must be applied sparingly." *Holland*, 539 F.3d at 1338. *See also Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017) ("[E]quitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'") (quoting *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir.

4

2009)). And "[t]he burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286.

Mr. Ruiz has not met his burden of showing entitlement to equitable tolling. In fact, he does not contend that he is entitled to equitable tolling (Doc. 20). Rather, he incorrectly argues that the AEDPA's limitations period has not elapsed (*Id*.).[1]

Accordingly, Respondent's construed motion to dismiss (Doc. 19) is **GRANTED**. Mr. Ruiz's amended petition for a writ of habeas corpus (Doc. 16) is **DISMISSED** as time-barred. The Clerk shall enter judgment against Mr. Ruiz and close this case.

## Certificate of Appealability and Leave to Proceed In Forma Pauperis on Appeal Denied

A petitioner does not have absolute entitlement to appeal the denial of his habeas petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. Id. A certificate of appealability will issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, a petitioner must demonstrate that reasonable jurists would find this court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)

---

[1] Were the Court to adopt the argument Mr. Ruiz made in state court in support of his petition for a belated appeal as his argument in support of equitable tolling of the AEDPA's one-year limitations period, the Court would find that Mr. Ruiz is not entitled to equitable tolling because he failed to demonstrate adequate diligence. Mr. Ruiz was not reasonably diligent in waiting more than two years after the February 20, 2014 evidentiary hearing on his Rule 3.850 motion (*see* Doc. 19-4, Ex. 31) and the February 26, 2014 order denying that motion (*see id*., Ex. 32) to mail his Notice of Inquiry to the state circuit court in March 2016 (*see id*., Ex. 43, docket pp. 242-43), especially when the judge told Mr. Ruiz at the conclusion of the evidentiary hearing that he would be "issuing an opinion within the next couple of weeks." (*see id*., Ex. 31, docket p. 191, lines 18-19). *See, e.g., Lopez v. United States*, 512 F. App'x 1001, 1004 (11th Cir. 2013) (deciding that "[t]he district court did not clearly err in finding that Lopez was not reasonably diligent in his efforts to ascertain the disposition of his direct appeal" where Lopez waited nearly eleven months to attempt to contact his attorney and nearly two years to contact the court regarding the status of his appeal).

5

(quotation omitted), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller El v. Cockrell*, 537 U.S. 322, 335 36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where, as here, claims have been rejected on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Webster v. Moore*, 199 F.3d 1256, 1257 n. 2 (11th Cir. 2000) (dismissal of habeas petition as time barred is procedural). Mr. Ruiz cannot make that showing. And since he is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

    **ORDERED** in Tampa, Florida, on August 26, 2020.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

SA: sfc
Copies to:
Jose Ruiz, *pro se*
Counsel of Record